UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br>v.<br><br>DANIEL MARTINEZ-ROSAS,<br><br>Defendant. | Case No. 1:21-cr-00015-DCN<br><br>**MEMORANDUM DECISION AND ORDER** |

## I. INTRODUCTION

Pending before the Court is Defendant Daniel Martinez-Rosas's Motion to Dismiss Indictment. Dkt. 29. Martinez-Rosas claims that the charge brought against him under 8 U.S.C. § 1326 is based off an invalid prior expedited removal.

Having reviewed the record and briefs, the Court finds that the facts and legal arguments are adequately presented. Accordingly, in the interest of avoiding further delay, and because the Court finds that the decisional process would not be significantly aided by oral argument, the Court will decide the Motion without oral argument. Dist. Idaho Loc. Civ. R. 7.1(d)(1)(B).

For the reasons set forth below, the Court DENIES the Motion to Dismiss.

## II. BACKGROUND

Martinez-Rosas is a 32-year-old Mexican national. He first entered the United States in or around 2006 at the age of seventeen. Once in the United States, he lived in Ontario, Oregon, before eventually moving to the Treasure Valley area in Idaho, where he found

work as a car mechanic. Martinez-Rosas has two children, both of whom are U.S. citizens. Both of his children live with their mothers in Idaho. Martinez-Rosas is not currently in a relationship with either of his children's mothers.

Martinez-Rosas was first removed from the United States in November 2010 after he was arrested in Idaho for driving without privileges and failure to provide proof of insurance. In January 2011, Martinez-Rosas re-entered the country, was caught near the border, and promptly removed to Mexico. The January 2011 removal was predicated on a reinstatement of the November 2010 removal order.

Martinez-Rosas again re-entered the country and returned to the Treasure Valley area. In May 2019, he was arrested after police were called to the home he shared with his girlfriend, Ana Guzman. He pled guilty to disturbing the peace in July 2019 and was subsequently removed to Mexico in August 2019—again via a reinstatement of the November 2010 removal order. On September 6, 2019, Martinez-Rosas re-entered the country again and was apprehended by Border Patrol. He was deported via an expedited removal order a day later.

Only a few days later, on September 10, 2019, Martinez-Rosas re-entered and was caught by agents again. The agents took Martinez-Rosas to a holding area in Nogales, Arizona, where he again went through the expedited removal process. Customs and Border Protection Officer David Soria presented Martinez-Rosas with a Record of Sworn Statement and accompanying Jurat (I-867A and I-867B). Martinez-Rosas signed both forms. He was charged with violating 18 U.S.C. § 1325(a) and plead guilty to that offense. Martinez-Rosas was served with a Notice and Order of Expedited Removal on November

23, 2019, and was deported that same day.

Sometime thereafter, Martinez-Rosas returned to Idaho. On November 29, 2020, a Nampa police officer pulled over Martinez-Rosas and his girlfriend, Ana Guzman. When verifying Guzman's driving credentials, the officer noticed that a no-contact order, relating to Martinez-Rosas's May 2019 arrest, was in place prohibiting contact between Martinez-Rosas and Guzman. Martinez-Rosas was arrested for violating the no-contact order. While at the county jail, Martinez-Rosas was encountered by ICE agents and an immigration detainer was lodged. A grand jury indicted Martinez-Rosas on February 9, 2021, alleging a single count violation of 8 U.S.C. § 1326. Dkt. 1. Martinez-Rosas filed this Motion to Dismiss the Indictment on October 1, 2021. Dkt. 29.

### III. LEGAL STANDARD

A defendant charged with illegal reentry under 8 U.S.C. § 1326 has a due process right to challenge the validity of the underlying deportation order because it is a predicate element of his conviction. *United States v. Melendez-Castro*, 671 F.3d 950, 953 (9th Cir. 2012). To succeed on a challenge under 8 U.S.C § 1326, a defendant must show: "(1) that he exhausted all administrative remedies available to him to appeal his removal order, (2) that the underlying removal proceedings at which the order was issued 'improperly deprived [him] of the opportunity for judicial review' and (3) that 'the entry of the order was fundamentally unfair.'" *Id*. (quoting *United States v. Ortiz–Lopez*, 385 F.3d 1202, 1203–04 (9th Cir.2004)).

Expedited removal proceedings offer no administrative remedy or opportunity for judicial review, therefore, an alien satisfies the first two requirements when he shows that

the removal order arose from an expedited removal proceeding. *United States v. Raya-Vaca*, 771 F.3d 1195, 1202 (9th Cir. 2014). Thus, an alien challenging an expedited removal order need only show that the entry of the order was "fundamentally unfair."

An underlying removal order is fundamentally unfair if (1) a defendant's due process rights were violated by defects in his underlying deportation proceeding, and (2) he suffered prejudice as a result of the defects. *Melendez-Castro*, 671 F.3d at 953 (quoting *United States v. Ubaldo-Figueroa*, 364 F.3d 1042, 1048 (9th Cir. 2004)).

## IV. DISCUSSION

Martinez-Rosas argues that the indictment in this case must be dismissed because the November 2019 expedited removal violated his due process rights, making it invalid.[1] Specifically, Martinez-Rosas argues that the agents who processed him for removal violated his due process rights when they (1) "failed to inform him of his rights as set forth on the first page of the Sworn Statement," (2) "failed to read (or have read) to him the entirety of the Sworn Statement," and (3) failed to inform him of the charges against him when he was served with the Notice and Order of Expedited Removal on November 23, 2019." Dkt. 29, at 18.

To support his claims, Martinez-Rosas submitted a signed declaration wherein he testifies that the officer "simply instructed [him] to initial each page and sign the last page of the sworn statement" without explaining the information in the Sworn Statement or his

---

[1] Martinez-Rosas also claims that his November 2010 and September 2019 expedited removals were invalid. However, neither of those removals are the basis for Martinez-Rosas's current charge for violating 8 U.S.C. § 1326. Dkt. 29, at 20; Dkt. 34, at 2; Dkt. 40, at 1–2.

MEMORANDUM DECISION AND ORDER - 4

rights listed on the first page. Dkt. 29-1, at 6. In that declaration, Martinez-Rosas also testifies that the removal order was not read to him in Spanish, that he was not informed of the charges against him, and that he was simply told where to sign. *Id*. at 7. Martinez-Rosas also points out that the signed Jurat indicates he read, or had read to him, just one page of the Sworn Statement even though the Sworn Statement and Jurat together totaled ten pages. Dkt. 29, at 19. Above Martinez-Rosas's signature, the Jurat states, "I have read (or have had read to me) this statement, consisting of 1 pages (including this page) . . . ." Dkt. 29-8, at 10.

To rebut this evidence, the Government provides a signed declaration from Officer Soria. In his declaration, Officer Soria explains his standard practice of processing expedited removals. Dkt. 34-1. While Officer Soria does not recall the specific proceeding with Martinez-Rosas, Officer Soria testifies that he would not have deviated from his standard practice in Martinez-Rosas's removal proceedings and that means he informed Martinez-Rosas of his rights and read him the Sworn Statement in Spanish. *Id.* at 3. Officer Soria also testifies that Officer Hernan Hernandez, the officer who served Martinez-Rosas with the removal order, would have informed Martinez-Rosas, in Spanish, of the charges against him, per Officer Hernandez's standard practice. *Id.* at 4. Officer Soria also explained that while the Jurat stated that Martinez-Rosas had read only one page, this was a typographical error and Martinez-Rosas read, or had read to him, all ten pages before signing. *Id.*

Failure to inform an alien of the charge against him and to provide him the opportunity to review his sworn statement can constitute a violation of the alien's due

process rights. *Raya-Vaca*, 771 F.3d at 1204. In *Raya-Vaca*, the defendant alleged that the border patrol agent failed to inform him of the nature of his expedited removal proceeding, or that he could be ordered removed from the United States. *Id.* at 1204–05. The defendant further alleged that the agent did not read him the information in his sworn statement or provide him an opportunity to review it. *Id.* Although he had initialed the Record of Sworn Statement and signed the Jurat, the defendant stated that the did not understand what he was signing. *Id.* Additionally, the signed Jurat only indicated that the defendant had read or had read to him "this statement, consisting of 1 pages (including this page)," while the Record of Sworn Statement and Jurat together totaled four pages. *Id.* The government did not contest the defendant's allegations. *Id.* Because the government did not contest the defendant's allegations, the Ninth Circuit found them to be true and held that they amounted to violations of due process. *Id.* at 1205.

Unlike in *Raya-Vaca*, the Government has contested Martinez-Rosas's allegations here. While Officer Soria could not specifically recall Martinez-Rosas's expedited removal process, his declaration testimony about his standard practices is sufficient to rebut Martinez-Rosas's allegations. *See United States v. Angulo-Galaviz*, 2018 WL 1942367, at *3 (S.D. Cal. Apr. 25, 2018) (reviewing the defendant's declaration and the officer's declaration about his standard practice for conducting expedited removals, and concluding that the defendant did not meet his burden to demonstrate his due process rights were violated); *see also United States v. Enriquez-Venzor*, 2019 WL 3068212, at *8 (D. Ariz. July 12, 2019) (holding that defendant did not meet his burden after officer testified in court about his standard procedure and the typographical error in the Jurat that said "one

page" instead of the correct number of pages); *United States v. Mazariegos*, 2020 WL 5517308, at *3 (N.D. Cal. Sept. 14, 2020) (holding that defendant did not meet his burden after officer testified in court about his standard practices in processing paperwork for expedited removal); *United States v. Garcia*, 2019 WL 2515845, at *7 (N.D. Cal. June 18, 2019) (same); *United States v. Hernandez-Rodriguez*, 2019 WL 1508039, at *4 (E.D. Wash. Apr. 5, 2019) (same).

Moreover, while the Ninth Circuit in *Raya-Vaca* did identify the inconsistency between the number of pages in the Sworn Statement and the number of pages reported as read, 771 F.3d at 1205, district courts have credited the Government's evidence showing that that error was no more than typographical, *Enriquez-Venzor*, 2019 WL 3068212, at *8; *Garcia*, 2019 WL 2515845, at *7. In *Raya-Vaca*, the Government "suggest[ed] that the number of pages listed on the Jurat was perhaps a typographical error," but the Government did not "argue that the immigration officer did indeed comply with the regulation at issue by advising [the defendant] of the charge against him and reading to him, or allowing him to read, the sworn statement." 771 F.3d at 1205.

In addition to relying on *Raya-Vaca*, Martinez-Rosas also relies on a decision from this court, *United States v. Figueroa-Valenzula*, 2019 WL 6718081 (D. Idaho Dec. 10, 2019). In *Figueroa-Valenzula*, the Government did not offer any evidence to rebut the defendant's claim that he was not given an opportunity to review his statement. *Id.* at *3. Instead, the Government merely questioned the strength of the defendant's evidence. *Id.* The present case is, therefore, distinguishable from *Figueroa-Valenzula* because the Government has offered credible evidence to rebut Martinez-Rosas's claims.

MEMORANDUM DECISION AND ORDER - 7

After reviewing Martinez-Rosas's declaration and Officer Soria's declaration, the Court finds that Martinez-Rosas has not met his burden of showing that his due process rights were violated by defects in his underlying deportation proceeding. Martinez-Rosas must prove both a due process violation and prejudice to successfully show an expedited removal order was fundamentally unfair and invalid. Because he has failed to prove a due process violation, the Court declines to assess whether he has shown prejudice.

## V. CONCLUSION

When charged with a violation of 8 U.S.C. § 1326, a defendant may collaterally challenge the underlying removal order. However, the burden is on the defendant to prove the expedited removal was fundamentally unfair, which requires the defendant show a due process violation and prejudice. Martinez-Rosas failed to show that his due process was violated during his November 2019 expedited removal process. Accordingly, the Court DENIES his Motion to Dismiss Indictment.

## VI. ORDER

The Court HEREBY ORDERS:

1. Defendant Daniel Martinez-Rosas's Motion to Dismiss Indictment (Dkt. 29) is **DENIED**.

DATED: February 7, 2022

David C. Nye
Chief U.S. District Court Judge